AO 93 (Rev. 11/13) Search and Seizure Warrant

MAR 19 2025 PM 1:44
FILED-USDC-CT-HARTFORD

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )        Case No.   3:25-mj- 246 (TOF)
Black SanDisk Ultra 3.0 256GB USB as described in )
Attachment A )
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Connecticut_____
*(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A which is attached hereto and incorporated herein

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See ATTACHMENTS A and B which are attached hereto and incorporated herein

**YOU ARE COMMANDED** to execute this warrant on or before  _April 1, 2025_  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Thomas O. Farrish_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  _3/18/2025 5:38 p.m._     _____
                                                *Judge's signature*

City and state:   Hartford, Connecticut         Thomas O. Farrish, USMJ
                                                *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:<br>3:25-mj-246 (TOF) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to be Searched

The property to be searched is a black SanDisk Ultra 3.0 256GB USB (the "TARGET DRIVE") turned over to HSI on March 3, 2025, by parole officers employed by the State of Connecticut Department of Corrections.

The TARGET DRIVE contains data digitally extracted from three (3) devices seized by parole officers from NICHOLAS BURNHAM's residence on December 17, 2024:

    a.    One (1) Android Moto G 14 cellular phone (Model: moto G play)

    b.    One (1) Android 14 cellular phone (Model: Vibe-N159V), Serial number ending in -2760)

    c.    One (1) Android 14 cellular phone (Model: Vibe-N159V, Serial number ending in -1574) (collectively, "BURNHAM's DEVICES")

The TARGET DRIVE is currently in the custody of HSI and is stored at 450 Main Street, Hartford, CT 06103.

This warrant authorizes the forensic examination of the TARGET DRIVE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### Items to be Seized

1.  All property, records, and information on the TARGET DRIVE, described in Attachment A, that constitute contraband and evidence, fruits, and instrumentalities of violations 18 U.S.C. 2252A(a)(2) (distributing and receiving child pornography), and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography) (collectively the "TARGET OFFENSES") from in or about October 2023 to the present, including:

    a. The associated telephone number, ESN number, model number, serial
    b. number, and SIM card number each of the BURNHAM DEVICES;
    c. Child pornography, as defined in 18 U.S.C. § 2256(8) and/or depicting minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including any associated metadata and/or EXIF information;
    d. Child erotica;
    e. Any and all computer software, including programs to run operating systems, applications (such as word processing, graphics, or spreadsheet programs), utilities, compilers, interpreters, and communications programs, including, but not limited to camera software, software to record, playback or display pictures, images, videos, movies and communication and file transfer applications;
    f. Records concerning messaging and/or image sharing applications, including evidence of installation or use of Omegle, Chatous, Tellonym, Discord, Telegram, ChitChat, AnonChat, RandoChat, Swish, HotTalk, Emerald, Thundr and Kik. ;
    g. Records of internet activity, including logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any search engine and records of user-typed web addresses;;
    h. Any and all notes, documents, records, correspondence, and materials, pertaining to the possession, receipt, or distribution of child pornography as defined in 18 U.S.C. § 2256(8) or to the possession, receipt, or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);
    i. Any and all names, addresses, contact information or lists of names, addresses or contact information, in any format and medium, of those who may have been contacted by computer or other means for the purpose of distributing or receiving child pornography as defined in 18 U.S.C. § 2256(8) or visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2);
    j. Any and all notes, documents, records, or correspondence, in any format or medium, concerning communications about child pornography or the existence of sites on the Internet that contain child pornography or that cater to those with an interest in child pornography;
    k. Any and all notes, documents, records, or correspondence, in any format or medium, concerning membership in online groups, clubs, or services that provide

16

or make child pornography accessible to members;
l. Any and all records, documents, invoices and materials, in any format or medium that concern any accounts with an Internet Service Provider;
m. Any and all records, documents, invoices and materials, in any format or medium that concern online storage or other remote computer storage, including, but not limited to, software used to access such online storage or remote computer storage, user logs or archived data that show connection to such online storage or remote computer storage, and user logins and passwords for such online storage or remote computer storage;
n. Records or documents evidencing ownership of the BURNHAM DEVICES;
o. Evidence of who used, owned, or controlled the BURNHAM DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;
p. Evidence of software that would allow others to control the BURNHAM DEVICES, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software and evidence of the lack of such malicious software;
q. Evidence of the attachment to the BURNHAM DEVICES of other storage devices or similar containers for electronic evidence;
r. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the BURNHAM DEVICES;
s. Evidence indicating the geographic location of the BURNHAM DEVICES when it was accessed or used during the TARGET OFFENSES;
t. Records of or information about Internet Protocol addresses used by the BURNHAM DEVICES; and
u. Records of or information about the BURNHAM DEVICES's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

Pursuant to Rule 41(e)(2)(B), it is authorized that electronically stored information may be imaged or copied. Consistent with Rule 41(e)(2)(B), the warrant is deemed executed once the subject computer has been physically seized, and that review of the contents of the subject computer is permitted at a later time.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, HSI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.